### JESSE NOLAN V. THE STATE.

No. 4447.  Decided April 25, 1917.

**1.—Theft—Value—Affidavits—Newly Discovered Evidence.**

Where, upon trial of theft of a watch, the motion for new trial relied upon newly discovered evidence to the effect that the value of the watch was less than fifty dollars, and aside from the supporting affidavit, which was not properly certified, there was a failure to give any sufficient reason for the absence of the alleged testimony on the trial, the same was correctly .overruled.

**2.—Same—Agreement—Bill of Exceptions—Presumption.**

In the absence of a bill of exceptions or statement of facts, bringing the evidence heard upon motion for new trial before this court, with reference to a certain agreement between the parties as to the suspended sentence law, the presumption must be that the allegations in the motion were not sustained.

Appeal from the Criminal District Court of Harris.  Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of theft of and over the value of fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, *John H. Crooker,* and *E. T. Branch,* for the State.—On question of value of property:  Moore v. State, 18 Texas Crim. App., 212; Haskins v. State, 20 S. W. Rep., 832; Timatis v. State, 31 Texas Crim. Rep., 556.

MORROW, JUDGE.—Appellant was indicted for theft of a watch,

and on his plea of guilty his punishment was assessed at two years confinement in the State penitentiary.

There are no bills of exception, but in a motion for a new trial appellant relied upon newly discovered evidence to the effect that the value of the watch was less than $50. Attached to the motion is what purports to be an affidavit of a witness who would testify that the value of the watch in his opinion was not more than $30. The jurat to the purported affidavit is not signed by any officer, but aside from that there is a failure to give any sufficient reason for the absence of the testimony on the trial. The indictment charged the value of the watch to be $65, and in the absence of a sufficient reason for failure to discover and produce the alleged new evidence at the trial this court would not be authorized to order a reversal on this assignment. Branch's Ann. P. C., sec. 2490, p. 1348; Vernon's Ann. C. C. P., art. 837, p. 779, and cases cited.

It is also stated in the motion for a new trial that appellant went to trial upon an agreement with the assistant district attorney that if appellant would enter a plea of guilty, no opposition would be made to appellant's application for a suspended sentence, and that the assistant district attorney agreed to explain to the jury the suspended sentence law in an impartial manner and that on the trial there was a failure to comply with the agreement. This allegation of fact is not supported by either sworn pleading or evidence so far as disclosed by the record. It appears from the order on the motion for a new trial that the court heard evidence, and in the absence of any bill of exceptions or statement of facts bringing the evidence thus heard before this court, the presumption must be indulged that the conclusion reached by the trial court that the allegation was not sustained was correct.

Appellant's assignments presenting no error, and no fundamental error appearing in the record, the judgment of the lower court must be affirmed, and it is so ordered.

*Affirmed.*